## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DENNIS COUSINO,                          )
                                         )
                  Plaintiff,             )
                                         )
v.                                       )        Case No. 12-CV-0223-CVE-TLW
                                         )
CITY OF TULSA,                           )
                                         )
                  Defendant.             )

## OPINION AND ORDER

Now before the Court is plaintiff's Amended Application for Restraining Order, Temporary and Permanent Injunction (Dkt. # 1). Plaintiff Dennis Cousino filed this case on behalf of himself and other similarly situated persons alleging that the City of Tulsa's (the City) revised Tulsa, Oklahoma, Ordinance No. 22623 (January 26, 2012) (Ordinance) is unconstitutional. Plaintiff's petition does not identify the legal basis for his claims, but it is reasonable to assume that he intends to bring claims under 42 U.S.C. § 1983.[1] The City removed the case to this Court. At the time of removal, there was a pending motion for an ex parte "restraining order" enjoining the City from enforcing the Ordinance. Dkt. # 1. The Court denied plaintiff's request for ex parte injunctive relief but set an evidentiary hearing as to his request for a preliminary injunction. The City filed a

---

[1]      The petition simply states that it is a "Petition for Declaratory Judgment" and it does not state the legal basis for plaintiff's claims. The case was filed in state court and plaintiff was seeking a remedy under the Oklahoma Declaratory Judgment Act, OKLA. STAT. tit. 12, § 1651. A declaratory judgment is a remedy, not a claim, and plaintiff must state an independent claim to obtain a declaratory judgment. See Prier v. Steed, 456 F.3d 1209, 1212 (10th Cir. 2006). The Tenth Circuit has also held that § 1651 does not independently create a claim and it is not a substantive law that applies in a diversity case. Horace Mann Ins. Co. v. Johnson By and Through Johnson, 953 F.2d 575, 577 (10th Cir. 1991); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978). Plaintiff's right to declaratory relief is governed by the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

response (Dkt. # 14) in opposition to plaintiff's motion, and plaintiff filed a reply (Dkt. # 15).[2]  The Court held an evidentiary hearing on April 26, 2012.  Plaintiff called Tulsa Police Department Sergeant Todd Evans as a witness, and the parties made oral arguments in support of their positions.

The petition, plaintiff's motion, defendant's response, and plaintiff's reply provide few background facts about the case.  The Ordinance was approved by the Tulsa City Council on January 26, 2012 and it became effective in April 2012.  Plaintiff operates two massage establishments within the City- the Swedish Relaxation Center and All Hands On Massage, and he has applied for and obtained a license pursuant to the Ordianance to operate these massage establishments.  Under the Ordinance, "licensees" are required to obtain a license to operate a massage establishment or to perform services in a massage establishment.  Ordinance, §§ 1302, 1303.  Medical professionals are exempt from the requirement to obtain a license.  Id. § 1303.  The operator[3] of a massage establishment must keep records of all services performed in the establishment, and the records must be maintained in a confidential manner.  Id. § 1311.  However, the operator must show the records to an agent of the City upon request, and refusal to produce records subjects the owner to a fine of

---

[2]    Neither plaintiff's petition nor his motion, nor his reply, provides factual or legal analysis supporting his request for injunctive relief.  Of course, the Court has no obligation to make arguments for plaintiff and the burden rests with him to provide the necessary factual and legal support for his motion.

[3]    Under the Ordinance, "Massage Establishment Operator" means "any person who owns, leases, manages or otherwise controls a massage establishment, or controls whether any massage apprentice(s), massage technician(s) or massage therapist(s) is allowed, permitted, selected, directed, employed, contracted for, or are leased or subleased space within a massage establishment; provided that a massage operator shall not include a totally independent and solo massage technician or massage therapist, without any contact or interaction with any massage apprentice, massage technician, massage therapist or massage operator."  Ordinance, § 1301.

up to $1,200 and 90 days imprisonment.  The Ordinance contains numerous requirements and restrictions, and the provisions relevant to plaintiff's claims are stated below:

2.    A price schedule for all services shall be either prominently posted in the reception area in a location visible to all prospective patrons or be otherwise available in printed form.

.   .   .

11.    All massages shall be performed in a room designed for such purpose.  No doorway to such room shall be fitted with a door capable of being locked.

.   .   .

15.    No Massage Establishment, Massage Therapist, Massage Technician, Massage Apprentice shall place, publish or distribute, or cause to be placed, published or distributed, any advertisement, picture, or statement which is known or through the exercise of reasonable care should be known to be false, deceptive, or misleading.

.   .   .

22.    Minimum lighting, direct or indirect, of not less than forty (40) footcandles shall be provided and shall be in use when massage services are being performed.

Id. § 1312.  Any person who violates § 1312 shall be guilty of a misdemeanor and subject to a fine of up to $500.  The City is authorized to inspect any massage establishment at a reasonable time to determine if the establishment is in compliance with the Ordinance.  Id. § 1313.  The Ordinance states that it became effective on March 1, 2012.  Plaintiff filed this case facially challenging the constitutionality of the Ordinance. Plaintiff claims that he is not responsible for the conduct of massage therapists working at his establishments, and describes any massage therapist as "a contract party, a lessee, and a freelance employee not subject to any control by the owner to the degree the City of Tulsa massage ordinance wants to dictate."  Id. at 11.  He states that he employs only a receptionist at the two massage establishments he operates.  He also claims that Evans drafted the

3

Ordinance, and he infers that Evans may have been targeting Cousino when drafting the Ordinance. Id. at 9. Evans' testimony establishes that he began a draft of a revised massage parlor ordinance approximately five or six years ago, and he took into account a prior City ordinance and ordinances from other cities when preparing the initial draft. The draft was reviewed by the City legal department and other City employees before the final version was enacted. Evans also testified that two massage establishments (not plaintiff's) have been administratively searched pursuant to the Ordinance.

Before reaching the merits of plaintiff's request for a preliminary injunction, the Court must address whether plaintiff has standing to challenge certain aspects of the Ordinance and whether this case is ripe for review. The City's response to plaintiff's motion suggests that it may be raising a ripeness challenge. See Dkt. # 14, at 3-4. Even if this argument is not being asserted, ripeness is a jurisdictional issue and the Court has an obligation to satisfy itself that the case is ripe for review. Keyes v. School Dist. No. 1, Denver, Colorado, 119 F.3d 1437, 1444 (10th Cir. 1997). The Court must evaluate "the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." Kansas Judicial Review v. Stout, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting Sierra Club v. Yeutter, 911 F.2d 14105, 1415 (10th Cir. 1990)). "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). In this case, plaintiff could face fines and imprisonment for violating certain aspects of the Ordinance and, in the context of a pre-enforcement challenge to a criminal statute, a plaintiff can establish that a case is ripe for review by showing that he faces a credible threat of prosecution if he  intends to engage in conduct prohibited by the statute. Id. Plaintiff bears the

burden to show that  that the case is ripe for adjudication.  Gordon v. Norton, 322 F.3d 1213, 1219 (10th Cir. 2003).

In this case, plaintiff operates two massage establishments in Tulsa and he has a license pursuant to the Ordinance to operate these establishments.  The City states that the Ordinance took effect in April 2012, and Evans testified that at least two administrative searches of other establishments have taken place under the Ordinance.  The Court finds that this evidence is sufficient to establish that plaintiff is subject to regulation under the Ordinance and that the City is actively enforcing the Ordinance.  Plaintiff has established a credible threat of enforcement, and the case is ripe for review.

Defendant also argues that plaintiff lacks standing to assert any constitutional violation on behalf of patrons of his massage establishments.  Article III of the United States Constitution limits federal courts to the adjudication of "cases or controversies."  U.S. CONST. art. III, § 2, cl. 1.  An objection to a party's standing may be based on the Article III case or controversy requirement or it may be based on other prudential limitations.  The Wilderness Soc. v. Kane County, Utah, 632 F.3d 1162, 1168 (10th Cir. 2011).  One of these prudential limitations is that a litigant generally lacks standing to bring suit on behalf of third parties.  Warth v. Seldin, 422 U.S. 490 (1975); RMA Ventures California v. SunAmerica Life Ins. Co., 576 F.3d 1070, 1073 (10th Cir. 2009).  When the rights of third parties are implicated, "the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  Warth, 422 U.S. at 500.  In some circumstances, a court may hear a claim based on the rights of third parties when the plaintiff's claim is dependent upon the legal rights of a third party.  Id. at 500-01.

Plaintiff argues that a patron's right to privacy will be violated if he is required to give his identity and receive "wellness treatment" in an unlocked room.  Dkt. # 10, at 9-10.  Plaintiff may challenge the requirement to keep records because the record keeping requirement is the operator's burden, but any such claim may not be based on the privacy rights of patrons.  There may be other obligations imposed on the operator of a massage establishment, and plaintiff can also challenge those aspects of the Ordinance.  However, plaintiff's claims are not dependent on the rights of third parties as a an element of his § 1983 claims.  Patrons are not barred from bringing a claim to enforce their constitutional rights, if any, and plaintiff may not rely on the patron's alleged right to privacy as a basis to enjoin enforcement of the Ordinance.

**Preliminary Injunction**

A preliminary injunction is an "extraordinary equitable remedy designed to 'preserve the relative positions of the parties until a trial on the merits can be held.'"  Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009) (quoting Univ. Of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)).  To be entitled to a preliminary injunction, the moving party must establish the following:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1066 (10th Cir. 2001) (quoting SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991)); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("It is frequently is observed that a preliminary injunction is an extraordinary remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.").

6

First, the Court must determine whether the plaintiff seeks a "specifically disfavored" type of preliminary injunction. See <u>Schrier v. Univ. of Colo.</u>, 427 F.3d 1253, 1259 (10th Cir. 2005); <u>O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft</u>, 389 F.3d 973, 975 (10th Cir. 2004) (en banc).  If an injunction fits into one of these three categories, it must be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." <u>O Centro</u>, 389 F.3d at 975.  The three types of disfavored preliminary injunctions are: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." <u>Id.</u>

The City argues that plaintiff's request for a preliminary injunction qualifies as a disfavored injunction, because restraining enforcement of the Ordinance is essentially all of the relief sought in his petition.  The City is most likely correct.  However, plaintiff is not entitled to a preliminary injunction even under the traditional standard.

<u>Likelihood of Success on the Merits</u>

Plaintiff asserts four constitutional claims in his petition.  First, he argues that various sections of the Ordinance violate his and his patron's rights to free speech under the First Amendment.  Dkt. # 10, at 11-12.  Second, plaintiff argues that the inspection provision of the Ordinance violates his right to be free from unreasonable searches under the Fourth Amendment. <u>Id.</u> at 12.  Third, plaintiff challenges the Ordinance under the Fifth Amendment, but the grounds for this claim are not clear.  Finally, he argues that the Ordinance violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. <u>Id.</u> at 14.  Plaintiff is facially challenging the validity of the Ordinance, and the City argues that the plaintiff can prevail only by "establishing that

no set of circumstances exist under which the [Ordinance] would be valid." Dkt. # 14, at 4 (quoting United States v. Salerno, 481 U.S. 739, 1122-23 (1987)).  In a recent decision, the Tenth Circuit held that the "no set of circumstances" applies only to overbreadth challenges, and a different standard may apply in other types of cases.  Doe v. City of Albuquerque, 667 F.3d 1111 (10th Cir. 2012). Instead, the proper inquiry in reviewing a facial challenge to the constitutionality of a statute is the "relevant constitutional test" for the particular type of constitutional claim.  Id. at 1127.

Plaintiff argues that the Ordinance violates his and his patron's rights under the First Amendment.  The first issue presented is whether the Ordinance allegedly interferes with any activity constituting "speech" for the purpose of the First Amendment.  Plaintiff claims that the Ordinance "attempts to control the freedom of expression during massage therapy and the [O]rdinance denies any right of privacy including the freedom of expression behind closed doors." Dkt. # 10, at 12.  In United States v. O'Brien, 391 U.S. 367 (1967), the Supreme Court held that expressive conduct with a communicative element may be considered speech under the First Amendment, although this type of speech is entitled to less protection than more traditional speech activities.  Conduct may be "sufficiently imbued" with elements of communication if there was an "intent to convey a particularized message" and if the "likelihood was great that the message would be understood by those who viewed it."  Texas v. Johnson, 491 U.S. 397 (1989).  Massage does not contain either of these characteristics as it is not intended to convey a message and, according to plaintiff, it is a private activity that is not meant to be viewed by anyone.  See Dkt. # 10, at 10.  The Court finds that plaintiff has not shown that massage is protected by the First Amendment, and the Ordinance is not unconstitutional merely because it may limit the privacy of a massage therapist and

a client.  Plaintiff's argument also implicates the right of third parties to engage in and receive a massage, and the Court finds that he is barred from raising claims on behalf of third parties.

Plaintiff claims that the Ordinance "dictates unlawfully the language of the establishment including the monetary charge for massage therapy" and "directs certain record keeping denying the patron the right to choose the information about his personal identity . . . ."  Dkt. # 10, at 12.  As to the latter type of speech, the Court has already found that the patron's alleged right to maintain privacy belongs to the patron, and plaintiff lacks standing to assert claims on behalf of the patrons. The Court finds that plaintiff's First Amendment claim concerning the posting of monetary charges is also meritless.  The Ordinance gives plaintiff the option to post his rates or make them available in printed form, but it does not compel plaintiff to convey a particular ideological message to patrons.  See Jerry Beeman and Pharmacy Servs., Inc. v. Anthem Prescription, 652 F.3d 1085 (9th Cir. 2011) (no level of constitutional scrutiny required when a regulated industry is directed to provide objective disclosures to a third party and not convey a particular message or ideology). Plaintiff will not be required to adopt or express approval of a message sponsored by the City, and he has not shown that the Ordinance compels commercial speech.  The Court finds that plaintiff has not shown that the Ordinance violates his First Amendment rights.

Plaintiff argues that the inspection provision of the Ordinance violates the Fourth Amendment, because it allows for warrantless searches of massage establishments without probable cause.  This argument appears to be based, in part, on the privacy rights of massage therapists and clients.  The Fourth Amendment applies to commercial premises, and the owner or operator of a business has an expectation of privacy in commercial property.  New York v. Burger, 482 U.S. 691 (1987).  However, commercial property used for the purpose of carrying on a "closely regulated

industry" has a reduced expectation of privacy.  Id.  Warrantless inspections or searches made

pursuant to a regulatory scheme or statute must comply with three requirements:

> First, the regulatory scheme must be informed by a substantial governmental interest.
> Second, warrantless inspections must be necessary to further the regulatory scheme.
> Third, the inspection program must provide a constitutionally adequate substitute for
> a warrant in terms of the certainty and regularity of its application.

United States v. Mitchell, 518 F.3d 740, 751 (10th Cir. 2008) (citations omitted).  Courts have found

massage parlors to be a closely regulated industry and have upheld administrative search provisions.

Harper v. Lindsay, 616 F.2d 849 (5th Cir. 1980); United Health Clubs of America, Inc. v. Strom,

423 F. Supp. 761 (D.S.C. 1976).  The City argues that plaintiff has no expectation of privacy and

the Ordinance is constitutional, and the City cites the Fourth Amendment standard for administrative

searches established by Burger.  The City also argues that it has a substantial interest in regulating

massage establishments to prevent illegal sexual conduct and that warrantless administrative

searches are necessary to further the City's regulatory scheme.  The Ordinance does specify that

searches must be conducted at a reasonable time and the Ordinance puts massage establishments on

notice that such searches will occur to enforce the Ordinance.  This is similar to language found

constitutional in Burger, which provided for regular inspections to check for compliance with the

regulatory scheme, and the Ordinance also meets the third element of Burger.  See Burger, 482 U.S.

at 710.  No greater Fourth Amendment scrutiny is required.[4]  The Court finds that plaintiff has not

shown than the Ordinance violates the Fourth Amendment.

Plaintiff argues that the Ordinance violates his right against self-incrimination under the Fifth

Amendment, but the basis for this argument is not clear.  Under the Fifth Amendment to the United

States Constitution, "[n]o person shall . . . be compelled in any criminal case to be a witness against

himself."  U.S. CONST. amend. V.  It appears that this claim is based on the alleged rights of massage

therapists and patrons to avoid self-incrimination under the record keeping provision of the

Ordinance.  Plaintiff has no standing to assert a Fifth Amendment claim on behalf of massage

therapists or patrons.  Even if plaintiff could assert a Fifth Amendment self-incrimination claim, the

law is clearly established that a business regulated by the government can be compelled to maintain

records and make those records available for inspection without violating the business owner's right

against self-incrimination.  Baltimore City Dep't of Soc. Servs. v. Bouknight, 493 U.S. 549 (1990);

Shapiro v. United States, 335 U.S. 1 (1948).  Massage parlors are a closely regulated industry, and

the Fifth Amendment does not shield them from an administrative requirement to keep records and

allow inspection of the records by an appropriate governmental agent.  The Court finds that plaintiff

has not shown that the Ordinance violates the Fifth Amendment.

---

[4]      Plaintiff cites O'Connor v. Ortega, 480 U.S. 709 (1987), in support of his position that the
Ordinance is unconstitutional to the extent that it authorizes warrantless administrative
searches.  O'Connor concerns the privacy rights of public employees in their office, desk,
and file cabinets at their place of work, and a plurality of justices held that reasonableness
of such searches must be considered on a case by case basis.  O'Connor does not relate to
the Fourth Amendment standards for administrative searches of closely regulated businesses,
and it has no application to plaintiff's claims.

Finally, plaintiff asserts that the Ordinance violates his substantive due process and equal protection rights under the Fourteenth Amendment to the United States Constitution.[5]   Plaintiff argues that massage therapists working in select businesses are being singled out for a licensing requirement, because these businesses are suspected of illegal activity.  He objects to the "tone, attitude and requirement" of the Ordinance because is "removes freedom of one majority in order to damage a profession based on suspicion of illegal activity, not fact." Dkt. # 10, at 14.  This could be construed as an equal protection challenge to the ordinance based on a difference in treatment of massage therapists and other licensed medical professionals.  Massage therapists are not a protected class and the Ordinance does not implicate a fundamental right; thus, plaintiff's equal protection claim is subject to rational basis review.  Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 532 (10th Cir. 1998).  "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest."  Guttman v. Khalso, 669 F.3d 1101, 1116 (10th Cir. 2012) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).  The City argues that the Ordinance treats all similarly situated individuals the same and the Ordinance is constitutional.  Dkt. # 14, at 9-10.  At the hearing, the City argued that it has a legitimate governmental interest in regulating a business with a history of promoting illegal sexual conduct, and this is a rational basis for classifying massage establishments and therapists differently than more traditional medical professionals.  This is a legitimate governmental interest sufficient to uphold the licensing requirement of the Ordinance under the

---

[5]      The heading for this claim mentions "State's rights" and plaintiff also cites the Commerce Clause in his petition. Dkt. # 10, at 9, 13.  This case concerns a municipal ordinance and there is no interaction between the state government and the federal government, and it is not clear how the Commerce Clause or "State's rights" could be implicated by the Ordinance.

Equal Protection Clause.  To the extent that plaintiff is asserting a substantive due process claim, such a claim is also subject to rational basis review and plaintiff's substantive due process claim fails for the reasons stated above.  See Dias v. City and County of Denver, 567 F.3d 1169 (10th Cir. 2009) (rational basis review applies to substantive due process challenge to legislative enactment when no fundamental right is implicated).  The Court finds that plaintiff has not shown that the Ordinance violates the Fourteenth Amendment.

After reviewing each of plaintiff's claims, the Court finds that plaintiff has not shown a substantial likelihood of success on the merits on any claim.

Irreparable Harm

Plaintiff has the burden to show that irreparable harm will result if his request for a preliminary injunction is denied.  Irreparable harm is injury that is "certain, great, actual 'and not theoretical.'"  Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting Wisc. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985)).  "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm."  Heideman, 348 F.3d at 1189 (quoting Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1250 (10th Cir. 2001)) (emphasis in original). Without a showing that plaintiff is likely to succeed on the merits, the Court can discern no harm that plaintiff will suffer from enforcement of a constitutional regulatory scheme.  Plaintiff has a license to operate two massage establishments and the license will remain in effect until September 30, 2012.  Ordinance, § 1316.  He will be permitted to carry on his business in compliance with the Ordinance and, accepting plaintiff's counsel's assertion that plaintiff operates two lawful massage

establishments, he may continue to operate his massage establishments while this case is pending. Plaintiff has not shown that irreparable harm will result from denial of his motion.

Balance of Interests

Plaintiff must show that the threatened harm from enforcement of the Ordinance outweighs any harm to the City from granting the requested injunction.  See Prairie Band of Potawatomi Indians, 253 F.3d at 1252.  Because plaintiff has not shown a likelihood of success on the merits, it is not necessary to reach this issue.  See Crandall v. City and County of Denver, 594 F.3d 1231 (10th Cir. 2010).  Even if the Court were to reach this issue, requiring plaintiff to comply with the Ordinance would not outweigh the harm that would result to City from enjoining enforcement of the Ordinance.

Public Interest

The final factor is whether the preliminary injunction requested by plaintiff would be adverse to the public interest. Awad v. Ziriax, 670 F.3d 1111, 1132 (10th Cir. 2012).  The public has an interest in enforcing regulations of an industry that the government believes is promoting prostitution and illegal sexual conduct, and enjoining enforcement of the Ordinance would be adverse to the public interest.  The City has also provided numerous other interests that will be furthered by the Ordinance, such as preventing human trafficking, protecting legitimate massage businesses, and protecting public health.  Dkt. # 14, at 11.  The public interest strongly favors enforcement of the Ordinance.

**Conclusion**

Plaintiff has not met his burden to prove any of the four elements necessary for issuance of a preliminary injunction, and his motion (Dkt. # 1) should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Amended Application for Restraining Order, Temporary and Permanent Injunction (Dkt. # 1) is **denied**.

**DATED** this 26th day of April, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE